Maximilian Moss, S.
The petitioner, claiming the status of a creditor, seeks to compel the executors to settle their account, and to reserve sufficient assets to pay the amount claimed as damages in an action for personal injuries. Petitioner, a non *204 resident, instituted the action in the Supreme Court, Kings County, on May 16, 1956, for personal injuries alleged to have been sustained by himself and his infant son on June 4, 1955. Among the several objections to the relief requested, the executors urge that petitioner has no status as a creditor, and that the right to compel an accounting must await determination of the Supreme Court action.
Petitioner is not the holder of a contingent or unliquidated claim against the estate within the meaning of section 207 of the Surrogate’s Court Act. An untried action in negligence does not constitute a debt of the estate until damages are fixed. The adjudicated cases do not indicate any reservation of estate assets in any instance where the claimant is the plaintiff in a negligence action. In Matter of Baldwin (157 Misc. 538), the court held that a claim which is neither due nor ascertainable does not fall within the terms of section 207 and that a claimant thereunder is not a creditor. In the instant case, petitioner will not have the status as a creditor until the determination of the pending litigation and a settlement is reached or judgment is rendered in his favor. In such event, section 170 et seq. of the Decedent Estate Law, provides the means of obtaining assets in the hands of distributees. The petition is dismissed without prejudice to its renewal after determination of the pending action between the parties in the Supreme Court.
Settle decree on notice.