Christopher C. McGrath, S.
As an incident to a proceeding to settle the account of the administratrices, the court has been requested to fix a reasonable sum to be set aside by them as a reserve for a contingent liability based upon a pending negligence action. It appears that the infant claimant herein was injured on September 28, 1958, while visiting a friend who lived in premises owned by this decedent.
After the death of the decedent herein, the infant’s mother individually and as guardian ad litem commenced an action against the decedent’s estate to recover the sum of $250,000 for the infant’s personal injuries and the sum of $50,000 for her loss of services and medical expenses incurred. This action is still pending in the Supreme Court in New York County.
The attorney for the fiduciaries herein has requested the court to permit the administratrices to set aside the sum of $5,000 as a reserve for these contingent claims. On the other hand, the attorney for the guardian ad litem of the infant claimant contends that the sum of $100,000 should be held as a reserve for the contingent liability (Surrogate’s Ct. Act, § 208-b, formerly § 207).
This court is aware of the holding and rationale in the cases where it has been stated repeatedly that an untried negligence action does not constitute a debt of the estate until damages are fixed (Matter of Schwartz, 19 Misc 2d 203; Matter of Zutell, 213 N. Y. S. 2d 290; Matter of Rosenfeld, N. Y. L. J., Nov. 15, 1963, p. 15, col. 7). In Matter of Baldwin (157 Misc. 538) it was held that a claim which is neither due nor ascertainable does not fall within the terms of section 207 and that a claimant thereunder is not a creditor. All of the above cases point out that when the status of creditor is attained by the claimant by judgment or settlement of the negligence action in his favor, section 170 et seq. of the Decedent Estate Law regulates the procedure and provides the means for reaching assets in the hands of distributees.
However, it appears that the administratrices of this estate are now residents of the State of Israel and it is unknown when and if they will return to the State of New York or whether any *993 of the estate assets will remain in New York. Having in mind that the administratrices themselves have requested that an amount be fixed for the contingent liability, the court directs that the sum of $25,000 be retained by them for a period of one year from the date of the decree to be entered herein as a reserve to be applied to the payment of the contingent claims herein when fixed and determined. If the claims have not been liquidated at the expiration of one year as aforesaid, the court for good cause may entertain an application for such extension of time as the circumstances may warrant.
It is to be understood, however, that nothing contained in this decision shall be deemed any indication by this court as to the merits of the contingent claims against this estate nor shall it be construed as evidencing what the amount of the recovery by the claimants should be, if any.