## HOOVER v. ROCHESTER PRINTING CO.

(Supreme Court, Appellate Division, Fourth Department. February 7, 1896.)

MOTIONS—PENDENCY OF PREVIOUS MOTION.

> A motion asking for the same relief as another motion, previously made, and still pending, undetermined, in the same court, cannot be entertained where leave to withdraw the first motion has not been obtained, or the costs thereof paid, though it is stated, in the notice of the second motion, that the first motion is thereby withdrawn.

Appeal from special term, Monroe county.

Action by De Witt C. Hoover against the Rochester Printing Company. From an order striking out portions of the answer to the amended complaint, defendant appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

John Van Vooris & Son, for appellant.
Jacob Spahn, for respondent.

WARD, J. This is an action brought to recover damages for libel alleged to have been published by the defendant (appellant) herein; the alleged libel being, in effect, that the plaintiff had been indicted upon the charge of intimidating witnesses. The answer of the defendant first denied each and every allegation of the complaint, and, for a second and separate answer and defense, the de-

fendant "repeats the denial hereinbefore contained," and further alleged a justification of the alleged libel. A third answer, by way of mitigation, first repeated all of the denials before contained. It appears, uncontradicted, from the motion papers, that the plaintiff noticed a motion for the 26th of August, at the Monroe special term, to strike out the denials contained in the second and third answers. Defendant appeared, and objected to the motion for the reason that no grounds of motion were stated in the notice of motion. The motion was thereupon submitted to the court, and the court took the papers. This motion is still pending, undetermined, without permission to make a new motion for the same relief. Subsequently the plaintiff noticed this motion for the 30th of September, 1895, before the same special term, for the same relief demanded in the former notice of motion, and further stated, in the notice, that the plaintiff thereby withdrew the former motion, noticed for August 26th, on the ground that, by inadvertence, the plaintiff omitted to state the grounds upon which the said motion was made; stating, as a ground of this latter motion, that the plea of a general denial, mingled with a plea in mitigation or justification, is unauthorized by the Code or the practice of the court in actions for libel. The special term granted this latter motion, and made an order striking out the denials in the said answer, and from that order the appeal herein is taken.

The learned counsel for the appellant presents a single point, that the court should not have entertained and disposed of this motion while the other motion for the same purpose was pending in the same court undetermined. The plaintiff could not countermand or withdraw the former motion without payment of costs, or without the consent of the court, neither of which had occurred. We see no escape from this contention. The practice adopted by the plaintiff cannot be sanctioned. But for the pendency of this former motion, the court may have been justified in striking out these denials. It is unnecessary to pass upon that question. The objection urged is fatal, and the order should be reversed. with $10 costs and disbursements.

Order reversed, with $10 costs and disbursements, without prejudice to the right of plaintiff to make a new motion, upon discontinuing the motion noticed for August special term. All concur.