## 15259

### BRIDGERS v. SOUTH CAROLINA STATE HIGHWAY DEPARTMENT

(14 S. E. (2d), 632)

*Mr. Adam H. Moss* and *Mr. James H. Moss,* for appellant,

126

*Mr. John M. Daniel, Attorney General, Mr. M. J. Hough* and *Mr. T. C. Callison, Assistant Attorneys General,* and *Messrs. Zeigler & Brailsford,* for the respondent, 

May 12, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE FISHBURNE.

The sole question for determination is whether the respondent abandoned its motion for a new trial. The issue arises out of the following facts and circumstances: In the action below, which was brought by the plaintiff against the defendant for the unlawful taking of plaintiff's property for public use without just compensation, the trial resulted in a verdict against the defendant for the sum of $1,250.00. The cause was tried before Judge Hayne F. Rice in March, 1939. Following the verdict, and before the adjournment of the Court, the defendant made a motion for a new trial, and full oral argument was had thereon. The Judge took the motion under consideration, and reserved his decision. On September 8, 1939, Judge Rice died, without having decided the motion.

On September 16, 1939, within ten days after the death of Judge Rice, and presumably in contemplation of the provisions of Section 781, 1932 Code, the defendant served upon counsel for the plaintiff the following notice of intention to appeal: "That the defendant intends to appeal to the Supreme Court from the judgment in the above case, when entered, and also from the refusal of Honorable H. F. Rice, Circuit Judge, to grant a new trial therein, the motion for a new trial in the case having been made and argued before

him, and the same being pending before him at the time of his death on September 8, 1939, and his failure to pass on the motion and to file an order therein, being assumed as tantamount to a refusal of the same at the time of his death."

Thereafter, on September 26, 1939, the defendant served upon the plaintiff a notice to the effect that it, would apply to Judge J. Henry Johnson, presiding Judge, at Orangeburg, South Carolina, "to hear the motion for a new trial in the above case that was pending before Judge H. F. Rice, at the time of his death on September 8, 1939. Judge Rice did not pass on this motion before his death, 'and the defendant will ask Judge Johnson to dispose of it."

At the hearing before Judge Johnson during the October, 1939, term of the Court, the plaintiff objected to the jurisdiction of the court to hear the matter, on the ground that the defendant had abandoned its motion for a new trial by reason of having served upon plaintiff the notice of intention to appeal. The Circuit Judge overruled the objection, and passed an order granting a new trial.

The plaintiff contends that the respondent clearly and unequivocally by its notice of intention to appeal waived and abandoned the motion for a new trial which had been heard by Judge Rice, and which was then pending; that having once abandoned the motion its rights thereunder were forever lost.

We are unable to concur in this view. In our opinion, the whole record negatives the idea of abandonment, and plainly shows that although the defendant pursued a mistaken course, it was seeking the same relief, and zealously striving to preserve and protect the very rights it is charged with having absolutely relinquished. It is said in 42 C. J., "Motions and Orders," Sec. 173, page 516; "Where the moving party, before the determination of the motion, proceeds in the action in a manner inconsistent with the object of the motion the latter is waived, as by making an inconsistent motion in the cause, by filing an answer af-

ter having made a motion to strike out irrelevant matter therein, by going to trial on the merits * * *."

Resting under the misapprehension that the failure of Judge Rice to pass on the motion for a new trial prior to his death was tantamount to a refusal thereof, the defendant served notice of intention to appeal from an order or judgment which did not exist. This notice amounted to a nullity. This abortive appeal cannot reasonably be construed as taking a step in the action inconsistent with the object of the motion. The sole purpose of the motion was to obtain a new trial. The futile notice of intention to appeal had for its single object the same relief,—the obtaining of a new trial. Both were directed to the same end.

And to make the issue still clearer as showing non-abandonment, the defendant within ten days, doubtless realizing the error of its attempt to appeal to the Supreme Court, served the notice of September 26, 1939, that it would apply to Judge Johnson to hear the motion which had been pending before Judge Rice. Certainly it may be inferred that by serving the notice of intention to appeal, the defendant had no thought of placing itself in a position where it would be barred from having its right to a new trial passed upon. The retention of this right was what it sought throughout to protect, and it would be highly technical and unwarranted to hold otherwise.

In *Witt v. Pool,* 182 S. C., 110, 188 S. E., 496, we dealt with the principle of abandonment as applied to an easement in real estate, and under the facts of that case it was held that the intent to abandon was conclusively shown. But the facts here are entirely different, and form no proper basis for a like result.

Judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES BAKER and STUKES and MR. ACTING ASSOCIATE JUSTICE T. S. SEASE concur.