**Morris DIAMOND, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 17548.

United States Court of Appeals Fifth Circuit.

May 19, 1959.

Louis A. Sabatino, Miami, Fla., for appellant.

O. B. Cline, Jr., David C. Clark, Asst. U. S. Attys., Miami, Fla., James L. Guilmartin, U. S. Atty., Miami, Fla., for appellee.

Before JONES, BROWN and WISDOM, Circuit Judges.

JONES, Circuit Judge.

The United States brought a proceeding to revoke the naturalization[1] of Morris Diamond, the appellant. In the complaint it was charged that Diamond, in the proceeding by which he was naturalized, made false statements regarding the use of a name other than his own and with respect to his having been arrested or charged with violation of the law. Diamond submitted interrogatories. These were answered. The defendant answered. On July 17, 1958, the Government took Diamond's deposition. The case was set for trial on August 26, 1958. The day before the case was to be tried the United States Attorney moved that the cause be dismissed without prejudice. No notice of the motion or of a hearing on it was given to Diamond. The motion was granted and the case was dismissed

1. 8 U.S.C.A. § 1451.

without prejudice. On the following day, August 27, 1958, the United States Attorney filed another complaint against Diamond in the same or substantially the same language as the first. On August 28, 1958, Diamond filed a motion to modify the order of dismissal so that it would be with prejudice. This motion was denied. Diamond has appealed from the order of dismissal. He says he was ready for trial, the expense of preparation had been incurred, and the pendency of the proceedings had been an occasion of excessive worry and embarrassment to him. He insists that the dismissal was proper but that it should have been with prejudice rather than without prejudice. The Government, on the other hand, urges that the granting of the motion to dismiss under the circumstances of this case was discretionary and, no abuse of discretion being shown, there should be an affirmance of the court's order.

With some exceptions an action may be dismissed before the adverse party has answered or moved for summary judgment "by filing a notice of dismissal". Rule 41(a) (1), Fed.Rules Civ. Proc., 28 U.S.C.A. The provision of the Rules here applicable is:

"Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Rule 41(a) (2), Fed.Rules Civ.Proc. 28 U.S.C.A.

Under Rule 41(a) (1) dismissal of an action may be effected by the filing of a notice and no order of court is required.

Notice to the defendants is not required in such a case. Silver v. Indemnity Ins. Co., D.C.Conn.1948, 80 F.Supp. 541. Under Rule 41(a) (2) an order is essential. This contemplates the filing of a motion as was done here. 2 Baron & Holtzoff, Federal Practice and Procedure, Rules Ed. 618, § 912. Motions, except those which may be heard ex parte, shall be served on the adverse party. Rule 5(a), Fed.Rules Civ.Proc. 28 U.S.C.A. Where terms and conditions may be imposed a hearing should be had at which the views and claims of the defendant may be asserted. Cf. 27 C.J.S. Dismissal and Nonsuit § 71, p. 248. Particularly is this true where the granting or denial of the motion is in the court's discretion.

It has been held that the only discretion which the court can exercise under Rule 41(a) (2) is as to terms and conditions but not as to the right of a plaintiff to have entered an order of dismissal without prejudice. Bolten v. General Motors Corporation, 7 Cir., 1950, 180 F.2d 379, 21 A.L.R.2d 623, certiorari denied 340 U.S. 813, 71 S.Ct. 41, 95 L. Ed. 598. The decision so holding has been criticized. Ockert v. Union Barge Line Corporation, 3 Cir., 1951, 190 F.2d 303, 304. The better rule and that represented by the weight of authority is that the court may, in the exercise of its discretion, deny the motion or grant it and if it be granted such terms and conditions may be imposed as are proper. Home Owners Loan Corporation v. Huffman, 8 Cir., 1943, 134 F.2d 314, certiorari denied 316 U.S. 681, 62 S.Ct. 1268, 86 L.Ed. 1754, cited in Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849; Westinghouse Electric Corporation v. United Electrical, etc. Workers, 3 Cir., 1952, 194 F.2d 770, certiorari denied 343 U.S. 966, 72 S.Ct. 1060, 96 L.Ed. 1362, and see Ockert v. Union Barge Line Corporation, supra, and cases cited therein and in Annotation at 21 A.L.R.2d 627.

The order of dismissal will be vacated and the cause will be remanded in order that a hearing may be had upon the motion and a determination made, in

the discretion of the court, as to whether or not the cause should have been dismissed without prejudice and, if so, upon what terms and conditions, if any.

Vacated and remanded.