ELLIS, Judge.
This is an appeal from a judgment of the Nineteenth Judicial District Court in and for East Baton Rouge Parish, Louisiana, affirming a decision of the Board of Review of the Division of Employment Security of the Department of Labor, State of Louisiana, (for convenience hereinafter referred 'to as Board) wherein appellant-claimant, Myrtle W. Wiseman, was denied unemployment insurance payments on the ground that there was no justification for plaintiff quitting her job.
The facts are that plaintiff was employed by Capital City Press as a telephone operator until she resigned on June 17, 1959. On July 20, 1959, she filed an initial claim for benefits with the local office of the Division of Employment Security. Notice of the filing of this claim was sent to the employer who replied under date of July 24, 1959, “resigned after some disagreements. Also, she was ill.” The local office determined that claimant had left her work with good cause connected with her employment. Notice of this determination was mailed on August 3, 1959, but a copy of the said notice intended for the employer was mailed to the claimant in error. On September 2, 1959, the employer, Capital City Press, filed an appeal with the appeals referee, who conducted a hearing and reversed the initial determination disallowing plaintiff’s claim. This ruling was affirmed by the Board and the District Court
*658 The appellant asserts two errors as the basis for her appeal. First, it is alleged that it was error to allow an appeal from the determination of the local office of the Louisiana Division of Employment Security in view of LSA-R.S. 23:1629. The first paragraph of LSA-R.S. 23:1629 provides: “The claimant or any other party entitled to notice of a determination may file an appeal from such determination with an appeal tribunal within seven days after the date notification was given or mailed to his last known address.”
Plaintiff, although admitting that notification was never mailed to Capital City Press, but was mailed to the plaintiff, contends LSA-R.S. 23:1629 precludes this appeal. With this contention, we cannot agree.
Since the notice of determination was never mailed to Capital City Press or even the “last known address”, the time for filing an appeal never started to run.
The second contention of plaintiff is that there is not sufficient evidence to support the findings of the Board as required by LSA-R.S. 23:1634.
An examination of the record in this case will reveal' that the Appeals Referee conducted a lengthy hearing in the course of which testimony covering some thirty-three (33) pages was adduced.
Claimant testified at some length to the effect that working conditions had become unbearable and were causing such discomfort and illness that she found it necessary to terminate her employment. A good deal of her testimony, as well as that of the other witnesses, was devoted to an ear infection of a co-worker. Claimant’s position is that because of the nature of the infection of this co-worker and because of her actions while on the job, it became impossible for claimant to continue working. She further testified to the effect that in spite of everything she could do to have the situation corrected, her employer made no effort to resolve the difficulties. In other words, she felt that the cards were stacked against her and, therefore, resolved to resign.
Mr. C. P. Liter, General Manager of Capital City Press, as well as several other employees, appeared at the hearing to give testimony. The testimony of all these witnesses, including that of Mr. Liter, was to the effect that while claimant’s co-worker did in fact have an ear infection, it was not of such a nature as to cause all manner of difficulties as asserted by claimant. As a matter of fact, their testimony is contradictory to that of claimant in regard to the behavior of claimant’s co-worker on the job.
Based on a consideration of all of the evidence adduced at the hearing, the Referee found that the problem which actually existed was nothing more than a dispute between fellow employees. He heard all of the witnesses and concluded from their testimony that claimant failed to prove her case. His findings were affirmed by the Louisiana Board of Review, and then by the District Court.
From a careful examination of the record, it is apparent that the testimony of claimant was directly contradicted by the several witnesses who appeared on behalf of the employer.
 There is evidence in this record to support the findings of the Referee as affirmed by the Board and the District Court, and for this Honorable Court to set aside these findings and substitute its judgment would be a clear abuse of discretion and a violation of the express terms of LSA-R.S. 23:1634. In other words, it is apparent, from the record, that the Referee had to decide which of the evidence was to be accepted. He reached his conclusion, and we think correctly so. Having done this, and being amply supported in so doing by the testimony, his findings as affirmed by the Board must stand.
For the reasons assigned, the Judgment is affirmed.