Harold Tessler, J.
This is an application by the plaintiff to withdraw a motion for a discovery and inspection and to vacate an order entered pursuant to a determination made in connection therewith.
The plaintiff, in support of the motion, contends that an order made by another Justice of this court held in abeyance the final determination of the motion for a discovery and inspection pending a report in connection with a reference directed on the question as to whether defendant had in his possession or control the papers and documents sought to be discovered; that since the defendant’s attorney has done nothing further to perfect said reference or proceed thereon, the plaintiff has been stymied in his attempt to examine the defendant before trial, consequently preventing the plaintiff from noticing this case for trial.
The defendant, in opposition, objects to the plaintiff’s withdrawal of the original motion inasmuch as the plaintiff is presently seeking an examination before trial and the production of the same papers and documents which the defendant has heretofore claimed he did not control or possess and, thus, a hearing with respect to this matter as directed by the court in the order made in connection with the original motion is necessary since he should not be compelled to produce the papers and documents until the issue with respect to his possession and control of them is resolved. Furthermore, the defendant argues, the burden is upon the plaintiff to proceed with the reference.
The present application essentially seeks to withdraw a motion although, incidentally, an order made in connection therewith *1073 must be vacated. The present application concerning withdrawal of a motion made before another Judge is now properly before this court. In any event, it is not feasible to send this application to the Judge who made the original order inasmuch as he is not presently sitting in this court. Thus, this court has the power and should act in connection with that order. (Willard v. Willard, 194 App. Div. 123; see, also, Matter of Baker v. Macfadden Pub., 300 N. Y. 325, 329.)
After a submission, i.e., a formal presentation of all or part of an application for the court’s consideration (Marsh v. Marsh, 63 N. Y. S. 2d 42), a party cannot withdraw such application without the consent of the court. (Hoover v. Rochester Print. Co., 2 App. Div. 11.) Ordinarily, the court will not permit the withdrawal of an application over the objection of the opposing party. (See People v. Higley, 110 N. Y. S. 2d 296.)
The court is of the opinion, therefore, that since not only was there a formal submission of the original motion herein but a determination made in connection therewith and in view of defendant’s objection to the plaintiff’s withdrawal of the original motion, the instant application should be denied. Furthermore, since the plaintiff is presently seeking an examination before trial of the defendant and the production of papers and documents which the defendant on the original motion contended he did not have in his possession or control, to permit the withdrawal of the original motion which resulted in a determination directing a reference with respect to whether or not the defendant did possess and control the papers and documents would be improvident inasmuch as the afore-mentioned issue must eventually be resolved before the defendant can be compelled to produce such papers and documents.
Accordingly, the motion is in all respects denied. Submit order.