Gilbert H. King, J.
Plaintiff brought two motions, the first for an order permitting the substitution of George Martin, as *314 administrator de bonis non of the estate of Mark H. Skingley, deceased, in place and stead of Grace V. Skingley, as administratrix of the same estate and a subsequent motion for an order amending the plaintiff’s cause of action by substituting Grace V. Skingley individually as a party defendant in the event of the denial of plaintiff’s first motion.
The defendant cross-moved for an order dismissing the complaint pursuant to CPLR 3211 on the following grounds: (1) The court does not have jurisdiction of the subject matter of the cause of action (2) the action may not be maintained because the Statute of Limitations has expired (3) the pleading fails to state a cause of action and (4) the court does not have jurisdiction of the person of the defendant. (Subd. [a], pars. 2, 5, 7,8.)
Oral arguments on all three motions were made and briefs presented to the court at the same time. Decision was reserved, and while the court had the disposition of the motions under consideration, the plaintiff, by letter addressed to the court, asked permission to withdraw both of his motions. The defendant opposed the plaintiff’s request.
While a party has a right to withdraw a motion at any time before submission (Hoover v. Rochester Print. Co., 2 App. Div. 11; Oshrin v. Celanese Corp. of America, 37 N. Y, S. 2d 548), once a motion has been “ .submitted ”, it may not be withdrawn except by consent of the parties or by an order of the court upon such conditions as the court sees fit to impose. A motion has been “ submitted ” to the court when the movant makes his oral argument or absent an oral argument when he presents his papers to the Clerk after the call of the case on the return day. (Marsh v. Marsh, 63 N. Y. S. 2d 42.) In the face of the objection by the respondent the motion cannot be withdrawn (Marsh v. Marsh, supra; People v. Higley, 110 N. Y. S. 2d 296), The plaintiff’s application to withdraw his motion is denied.
On March 2, 1959 the plaintiff allegedly sustained personal injuries, when his automobile came into collision with a vehicle owned and operated by Mark H. Skingley, who died the following day of injuries received in the accident.
On March 16, 1959 Grace V. Skingley, widow of Mark H. Skingley, applied for and on March 25, 1959 received letters of administration on his estate from the Surrogate’s Court of Erie County. The letters were general except for the imposition of a restraint on the administratrix from compromising any action for the death of the decedent as provided by section 122 of the Siirrogate’s Court Act. The limitation on the letters of admin *315 istration was removed by an order and decree of the Surrogate’s Court granted April 29,1960.
On June 27, 1960, the administratrix petitioned the Surrogate’s Court “for proceedings in this Court to enable her as such Administratrix to render an account and have a decree made and entered judicially settling and allowing the same.” She filed her account, a citation was issued to the distributees of the decedent, and on July 19, 1960 a decree was made which concluded with this language ‘ ‘ And it is Ordered, Adjudged And Decreed, that the said Administratrix, be and they hereby are finally released, exonerated and discharged as such Administratrix and surety, of and from all further liability and accountability as to all things determined by this Decree ” (emphasis supplied).
On March 11, 1961, the present action for personal injuries alleged to have been sustained by plaintiff in the March 2, 1959 accident, was commenced by the service of a summons and complaint on Grace V. Skingley, as administratrix of the goods, chattels and credits of Mark H. Skingley, deceased. The complaint alleged the issuance of letters of administration to Grace V. Skingley and “ that said defendant thereupon duly qualified and thereafter acted and is still acting as said Administratrix.” On April 3, 1961, an answer was served on her behalf denying this allegation of the complaint.
On February 28, 1964 the plaintiff petitioned the Surrogate’s Court for the appointment of an administrator de bonis non, alleging that ‘' after rendering her account [the administratrix] was discharged as said Administratrix by order of this Court on July 19th, 1960,” and further alleged “ that for the purpose of continuing the cause of action on the part of your Petitioner against the said decedent, it is necessary that a representative be appointed for the purpose of appearing on behalf of the said decedent.” Based upon this petition, letters of administration de bonis non were issued to George M. Martin, the Public Administrator by decree granted June 4, 1964. Thereafter plaintiff brought the motion to substitute the administrator de bonis non as a party defendant.
It is defendant’s contention that plaintiff failed to commence his action and obtain jurisdiction of the estate within the 3-year Statute of Limitations on the commencement of such personal injury actions even as such limitation is enlarged by the additional period of 18 months after the death of the person against whom the claim is asserted (CPLR 210, subd. [b], formerly Civ. Prac. Act, § 21). Defendant bases this contention on the claim *316 that at the time of the service of the summons and complaint on Grace V. Skingley on March 11, 1961 (admittedly within the statutory period) she was no longer administratrix of the estate of Mark H. Skingley; that service could only have been on her individually and that as an individual she then had no personal liability for the claim of the plaintiff. Defendant further contends that to permit the substitution of the administrator de bonis non at this time by motion made after the enlarged Statute of Limitations had run would be to permit circumvention of the Statute of Limitations.
If the present existence of the plaintiff’s cause of action against the estate of the decedent must rely on the substitution of the administrator de bonis non at this time, the court would have to agree with the defendant’s contentions.
It is the court’s opinion, however, that the motion to dismiss the complaint must fail because jurisdiction of the estate was obtained by the service of the summons and complaint on Grace V. Skingley in March, 1961. She was, in the court’s opinion, still duly qualified and still acting as administratrix on March 11,1961. The July 19, 1960 decree of the Surrogate’s Court was a decree of judicial settlement of her account as administratrix. The effect of such a decree is set forth in section 274 of the Surrogate’s Court Act. It provides that the decree is “ conclusive evidence against all the parties of whom jurisdiction was obtained * * * as to all matters embraced in the account and decree.” The plaintiff was not a party to the judicial settlement proceeding; jurisdiction of him was not obtained and his claim was not a ‘ ‘ matter embraced in the account and decree.” The decree did not result in a complete discharge of the administratrix nor were her letters of administration ‘revoked ’ ’. .She was, by the very language of the decree, discharged only “ of and from all further liability and accountability as to all things determined by the decree ” and for all other purposes continued to be qualified and acting as administratrix of the estate. She was in legal intendment discharged pro tanto. She did not petition for nor was “ revolcation ” [sic] of the letters of administration decreed. (Mahoney v. Bernhard, 45 App. Div. 499; Rosen v. Ward, 96 App. Div. 262.)
The .subsequent issuance (on June 4,1964) of letters of administration de bonis non to George Martin, the Public Administrator, did not change the limited effect of the decree on judicial settlement. An administrator de bonis non may be appointed only " When all the administrators, to whom letters have been issued, die or become incapable, or the letters are revohed as to *317 all of them” (Surrogate’s Ct. Act, § 136; emphasis supplied). None of these conditions precedent to the appointment of an administrator de bonis non existed at the time of the appointment of George Martin as such administrator. His appointment was therefore null and void. (Lapiedra v. American Sur. Co., 247 N. Y. 25, affg. 220 App. Div. 738; see, also, Matter of Irland, 72 N. Y. S. 2d 248, 253.) The statement by the plaintiff in his petition for the appointment of an administrator de bonis non that Grace Y. Skingley “ after rendering her account was discharged as said Administratrix ’ ’ did not give validity to the appointment of the administrator de bonis non, nor did the statement in the petition that the appointment of an administrator de bonis non was necessary for the continuance of the action amount to an estoppel against the plaintiff. As was said in the Lapiedra case (p. 31): “ This allegation, though innocently made, was untrue and, because it was untrue as to a matter of record * * * it amounted to a constructive fraud on the court of the same nature and effect as an actual and deliberate misrepresentation of fact. * * * It was a fraud upon the court, directly affecting the jurisdiction of the court. The court acted upon the allegation of the petition. If the fact had been brought to its attention that Tuite’s letters had not been revolted, it might have revolted them. The trouble is that it acted on the petition alone, which was untrue in this regard. The inference is, therefore, impossible that when the court issued letters de bonis non it consciously revolted the prior letters. The court was induced to exercise its authority where it had no jurisdiction ” and further that “ it can only be said that the Surrogate’s Court had no jurisdiction over the subject-matter — the appointment of an administrator de bonis non. Its letters were, therefore, void in the strictest sense ” (emphasis supplied).
Letters of administration “ are conclusive evidence of the authority of the persons to whom they are granted, until the decree granting them is reversed upon appeal, or the letters are revolted (Surrogate’s Ct. Act, § 90). Section 85 of the Surrogate’s Court Act provides that “Upon the entry of a decree * * * revolting letters issued by a surrogate’s court to an executor, administrator or guardian, his powers cease.” (Emphasis supplied.)
I hold that the appointment of George Martin, as administrator de bonis non was null and void, that the letters of administration issued to Grace Y. Skingley were never revoked, and that jurisdiction of the estate was obtained by the service of the summons and complaint on her on March 11, 1961.
*318 The defendant’s motion to dismiss the complaint and the plaintiff’s motion to substitute George Martin, as administrator de bonis non, are both denied, without costs.
Grace V. Skingley, upon entry of the decree of judicial settlement distributed the assets of the estate. Plaintiff in his second motion seeks to name her as a party defendant individually for the purpose of following the assets of the estate into.her hands as a distributee. Plaintiff claims this right under the provisions of section 170 of the Decedent Estate Law. Section 170 gives the right to maintain such an action ‘ ‘ for a debt of the decedent An untried action in negligence does not constitute a debt of the estate until damages are fixed. (Matter of Zutell, 213 N. Y. S. 2d 290, 292; Matter of Schwartz, 19 Misc 2d 203.) If and when plaintiff obtains a judgment against the estate, then and only then may plaintiff maintain an action to pursue the assets of the estate which have gone into the hands of distributees. (Matter of Baldwin, 157 Misc. 538.)
The plaintiff’s motion to amend his complaint to state a cause of action against Grace V. Skingley individually is denied, without costs.