212 So.2d 166 (1968)
Stamford KEMPER, Plaintiff and Appellant,
v.
F. C. DOYAL, Jr., Administrator, and Bergeron's Gulf Station, Defendants and Appellees.
No. 2371.
Court of Appeal of Louisiana, Third Circuit.
June 18, 1968.
Rehearing Denied July 29, 1968.
*167 C. O. Brown, Alexandria, for plaintiff-appellant.
Marion Weimer, Baton Rouge, for defendants-appellees.
Before HOOD, SAVOY and CULPEPPER, JJ.
CULPEPPER, Judge.
This is a suit for judicial review of a decision by the Board of Review for the Division of Employment Security of the State of Louisiana. The district judge affirmed the decision of the Board of Review disqualifying the claimant for benefits. Plaintiff has now appealed.[1]
Before discussing the merits, we will consider a motion filed by defendant to dismiss this appeal. After final judgment was signed by the district judge on December 15, 1967, plaintiff filed a motion for a new trial on December 18, 1967. Defendant contends that since this appeal was perfected without any action ever being taken by the district court on the motion for new trial, the judgment is not final and cannot be appealed. LSA-C.C.P. Article 2083.
We think it is apparent that the actions of the plaintiff, in moving for a devolutive appeal on February 16, 1968 and later perfecting this appeal, constituted an abandonment of his motion for a new trial. The judgment therefore became final and was devolutively appealed within the 90-day delay provided by LSA-C.C.P. Article 2087.
In Mossler Acceptance Company v. Moliere, 181 So. 228 (Orl.La.App.1938) plaintiff applied for an appeal on the day after adverse judgment was rendered and before the final judgment was signed. No motion *168 for a new trial was filed. After the 3-day delay therefor, the judgment was signed. The appeal was then perfected. Defendant moved to dismiss the appeal as having been prematurely taken before the judgment was signed. The appellate court cited jurisprudence that appeals are favored by the law and held that plaintiff's premature application for appeal was cured by the later signing of the judgment. In the course of its opinion the court stated that the purpose of the 3-day delay after judgment is rendered is to give the unsuccessful litigant a reasonable time to apply for a new trial. The court went on to say:
"It has many times been held that the premature signing of the judgment does not forfeit the rights of the party cast to make timely application for a new trial. Hence, the most that can be said, with respect to the premature action of the appellant in this case, is that, by applying for the appeal on the day after the judgment was rendered, he abandoned the right granted him by law to apply for a new trial."
In Artigue v. Artigue, 210 La. 208, 26 So.2d 699 (1946) the defendant first filed a premature motion for appeal but then filed a timely application for a new trial. The court held it was obviously the intention of the defendants when they filed a motion for a new trial to abandon their motion for an appeal. Subsequent proceedings in the district court pursuant to the motion for new trial were therefore recognized.
The holdings in these two Louisiana cases appear to be consistent with the general rule. Where the moving party fails to call his motion to the attention of court and insist upon a ruling but instead files other pleadings inconsistent therewith, he may be held to have abandoned his first motion, depending on the circumstances and the equities. 71 C.J.S. Verbo Pleading § 582, p. 1159.
Now turning to the merits, LSA-R.S. 23:1634 provides that in any proceeding for judicial review "the findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." Jurisprudence under this statute holds that the court should not reevaluate the credibility of witnesses or the weight to be given the evidence. The court should accept the agency's findings of fact if supported by evidence reasonably tending to sustain them. Turner v. Brown, La.App., 134 So.2d 384; Wiseman v. Brown, La.App., 125 So.2d 657; Barber v. Lake Charles Pipe & Supply Company, La.App., 148 So.2d 326.
The record in this case shows the following findings of fact by the Board of Review:
"The claimant worked for the above employer approximately one year and eight months as a service station attendant. At the time of his separation, he was earning $6.00 per day. He was paid by the day and not by the week because his attendance at work was very irregular. He asked for a raise in pay and was told by the employer that he would see about it. He was not refused a raise. The claimant had been warned many times about his drinking on the job. He was caught by the owner while drinking on the job on November 1, 1965. He did not show up for work after this incident."
The Board then stated in its opinion:
"The evidence shows that the claimant left after being caught drinking intoxicants on the job. He was not denied the raise he sought, but was told it would be considered. He has not shown good cause for leaving the job."
Testimony taken at the hearing before the Appeals Referee fully supports the above findings of fact. The testimony of claimant's employer, Mr. Bergeron, was that claimant was a heavy drinker and had been warned many times about drinking on the job. On this particular occasion, at about 2:30 p. m., claimant was found hiding on *169 the premises drinking a can of beer. On being reprimanded, he apparently decided not to return to work the next day. Claimant was not discharged. Mr. Bergeron said there was no discussion at the time about a wage increase. Claimant voluntarily left his employment, thus disqualifying himself for benefits. LSA-R.S. 23:1601(1).
For the reasons assigned, the judgment appealed is affirmed.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] The procedure for judicial review in these matters is set forth in LSA-R.S. 23:1634.