**598**

**SECURITIES AND EXCHANGE COM-
MISSION, Plaintiff,**

v.

**STANDARD LIFE CORPORATION
et al., Defendants.**

**Civ. No. 75-0052-D.**

United States District Court,
W. D. Oklahoma,
Civil Division.

Sept. 16, 1975.

Robert F. Watson, Richard M. Hewitt,
William V. Walker, and Maurice L. Held,
S.E.C., Fort Worth, Tex., for plaintiffs.

Eugene Matthews, Herbert F. Hewett,
Fagin, Hewett, Mathews & Fagin, Okla-
homa City, Okl., for Wayne Snow.

James L. Hurley pro se; and James
F. Davis, James W. Shepherd, R. Brown
Wallace and S. Paul Hammons, Andrews,
Mosburg, Davis, Elam, Legg & Bixler,
Oklahoma City, Okl., for James L. Hur-
ley.

W. Rogers Abbott, II, Chris L. Rhodes,
III, Rhodes, Hieronymus, Holloway &
Wilson, Oklahoma City, Okl., Conserva-
tor of Std. Life & Acc. Ins., for Gerald
B. Grimes.

Burck Bailey, Oklahoma City, Okl., for
C. Wayne Litchfield.

James P. Linn, Oklahoma City, Okl.,
for Trustee, Dan Hogan, Family Loan,
Inc., Gulf South Corp. and Gulf South
Advisors, Ltd.

N. Martin Stringer, Oklahoma City,
Okl., for National Guaranty Ins. Co.,
Standard Life Corp., and Wm. G. Kerr,
Special Supervisor, Oklahoma City, Okl.,
for Standard Life Corp.

Loyd Benefield, Benefield, Shelton &
Lee, Oklahoma City, Okl., for Leonard
H. Savage.

Kenneth N. McKinney, McKinney,
Stringer & Webster, Oklahoma City, Okl.,
for Philip L. Savage, and William G.
Kerr, Special Supervisor.

Theodore M. Elam, Oklahoma City,
Okl., for Gulf South Mtg. Investors.

Eddie Harper, Oklahoma City, Okl.,
for Clifford A. Wilson and Robert R. Pi-
land.

Kent F. Frates, Oklahoma City, Okl.,
for Ann F. Merchant.

### ORDER

DAUGHERTY, Chief Judge.

The Plaintiff filed this action pursu-
ant to the Securities Act of 1933 and the
Securities Exchange Act of 1934 seeking
to enjoin the named Defendants from
certain acts, practices and courses of
business. In its Complaint Plaintiff
sought a preliminary injunction, a per-

manent injunction and also requested the appointment of a Receiver. By Motion, as amended, Plaintiff requested a preliminary injunction, the appointment of a Temporary Receiver and an Order of the Court approving a plan for the maintenance of Standard Life Corporation.

On August 26, 1975, the Court granted the request for an Order approving a plan for the maintenance of Standard Life Corporation and appointed a Special Supervisor and an Advisory Board for Standard Life Corporation. On September 6, 1975, the Plaintiff filed a pleading entitled, "Withdrawal of Previously Filed Motions." On September 8, 1975, the Court entered a Minute Order granting the above withdrawal.

On September 9, 1975, Defendant James L. Hurley filed an Objection to Plaintiff's Attempted Dismissal of its Action Seeking a Preliminary Injunction. In said Objection, said Defendant asserts that Plaintiff has violated Rule 41(a)(1), Federal Rules of Civil Procedure in dismissing its Motion For A Preliminary Injunction after said Defendant had answered and without his consent. Said Defendant further suggests that Plaintiff can only dismiss its Motion for a preliminary injunction pursuant to the provisions of Rule 41(a)(2), *supra*, as said Defendant has answered herein.

Rule 41(a)(1) and (a)(2) read as follows:

"(a) Voluntary Dismissal: Effect Thereof.

(1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim."

"(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

Said Defendant's Objection will be overruled as being patently without merit. Rule 41, *supra*, relates to dismissal of actions. Plaintiff has not sought to dismiss its action but only to withdraw its Motion for a Preliminary Injunction. To the contrary, Plaintiff's action is quite alive at this time and is not a closed case of this Court. Plaintiff's request for an Order of the Court approving a plan for the maintenance of Standard Life Corporation has been granted by the Court and the Court has appointed a Special Supervisor in lieu of a Receiver. Plaintiff's request for a permanent injunction has not been withdrawn and this relief is still sought by Plaintiff. The only case cited by Defendant, *Diamond v. United States*, 267 F.2d 23 (Fifth Cir. 1959) cert. den. 361 U.S. 834, 80 S.Ct. 85, 4 L.Ed.2d 75 is not applicable to the facts of this case. In the *Diamond* case the plaintiff dismissed the

action. In this case the action has not been dismissed. Only relief ancillary to the main action has been withdrawn by Plaintiff.

Accordingly, said Defendant's said Objection is overruled this 16th day of September, 1975.