(82 Misc. Rep. 422.)

## SIMERS v. GREAT EASTERN CLAY PRODUCTS CO. et al.

(Supreme Court, Appellate Term, First Department. November 10, 1913.)

ATTORNEY AND CLIENT (§ 75*)—RIGHT TO DISMISS.

 While an action cannot be dismissed without an order of court, those rules do not apply to a motion to substitute attorneys; consequently a party may, without an order of court, withdraw a motion to substitute attorneys, where he offers the opposite party his costs.

 [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 110–119; Dec. Dig. § 75.*]

Appeal from City Court of New York, Special Term.

Action by George W. Simers against the Great Eastern Clay Products Company and others. From an order denying the motion of the Great Eastern Clay Products Company to vacate an order of substitution, it appeals. Order reversed.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Bruce R. Duncan, of Brooklyn, for appellant.

Liston L. Lewis, of New York City (John Vernou Bouvier, Jr., and W. Montague Geer, Jr., both of New York City, of counsel), for respondent.

WHITAKER, J. The order appealed from denied the application of the defendant to vacate an order in the same action, made by the same justice, dated February 24, 1913, and entered March 11, 1913. Prior to February 3, 1913, the above-entitled action was pending in the City Court. Liston L. Lewis, Esq., appeared as attorney for defendant Great Eastern Clay Products Company. About February 3, 1913, before issue was joined, the defendant petitioned the court to substitute Bruce R. Duncan, Esq., as its attorney in place of said Liston L. Lewis, Esq. The motion was returnable on February 14, 1913. On that day Mr. Lewis served on Mr. Duncan three affidavits in opposition. These affidavits it is claimed showed reasons why the motion to substitute Duncan for Lewis should be denied. The motion was adjourned from time to time in order to enable Mr. Duncan to obtain opposing affidavits, which affidavits Mr. Duncan was not able to obtain within the limited time before the hearing of the motion, which had been set for February 24th. On that day the parties appeared before the court. Mr. Duncan stated to the court that he was not ready because of his inability to procure certain affidavits in time, but that he would probably receive them the latter part of the week. The court thereupon stated that Mr. Duncan might serve his replying affidavits on Mr. Lewis on or before February 28, and that they should be submitted to the court on March 3, 1913. When the motion was called on February 24th, counsel for Mr. Lewis made some argument to the court. No papers, however, were submitted at that time, nor was any argument made by Mr. Duncan in support of the motion and in reply to Mr. Lewis' counsel. The court ordered that the matter should be finally submitted to it on March 3d.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Prior to March 1st Mr. Duncan became aware that he could not get the affidavits he required in time for March 3d, as the proposed affiants resided in Ohio. Mr. Lewis refused to give him additional time, and on March 1st Mr. Duncan served a written notice upon Mr. Lewis that the motion was withdrawn and tendered him $10 motion costs. Notwithstanding this notice and tender, of which the court had notice, the court proceeded on March 3d with the hearing. Mr. Lewis submitted his affidavits and papers in opposition to the motion, including two additional affidavits, copies of which were never served upon Mr. Duncan. Mr. Duncan did not appear, nor did he submit any papers. The court paid no attention to the withdrawal of the motion, heard Mr. Lewis, and denied the motion to substitute Mr. Duncan as attorney for the said defendant in place of Mr. Lewis. Thereafter Mr. Duncan, on behalf of the said defendant, made a motion to vacate the order denying the motion to substitute Mr. Duncan as attorney in place of Mr. Lewis. This motion was based upon the withdrawal of the original motion, and was made upon proper notice, and was heard by the same justice, and was denied. The said defendant and Mr. Duncan are now before this court upon the appeal from the order denying the motion to vacate.

The only question presented by this appeal is the right of Mr. Duncan to withdraw the motion for substitution in the manner in which he attempted to withdraw it. It may be conceded, I think, that a plaintiff cannot effectually discontinue an action without an order of the court. This has been settled by authority, and no discussion is necessary. The respondent argues that the withdrawal of a motion involves the same principles as the discontinuance of an action, and that the objections to the discontinuance of an action without an order of the court apply with equal force to the withdrawal of a motion. We disagree with the respondent's contention. In very many cases where an action has been begun reciprocal rights and remedies of the parties arise, especially where affirmative defenses or counterclaims are set up. In all such cases the defendant becomes to all intents and purposes a plaintiff. Of course, in such cases it would be inequitable to allow the plaintiff to arbitrarily discontinue as a matter of right upon his own motion. It is true there are also a number of actions where the defendant can in no way be hurt by an arbitrary right of plaintiff to discontinue. There are also actions in which the defendant may be justly entitled to disprove the allegations of plaintiff, notwithstanding that his property or pecuniary interests might be helped rather than hurt by such discontinuance. There being such a variety of reciprocal rights between litigants in an action, some of the rights affecting the property and some the persons of the parties, the courts have recognized it as a much safer and more just rule to require its order to discontinue actions in all cases, rather than leave it in the power of plaintiff.

This court can see no legal objection whatever to the withdrawal of a motion at any time before it has been finally submitted. Such withdrawal simply leaves the person opposed to the motion in precisely the same position as if the motion had not been made. It is certainly

optional with a litigant whether or not he will make a motion, and, having once made it, this court can see no reason or justice in compelling him to continue it, if he should become convinced that to continue it would be unwise or inexpedient. If it be necessary to get leave of the court to withdraw a motion, it follows as a necessary corollary that the court could decline to give such permission, the result of which would be to compel a litigant to ask and perhaps be compelled to receive something he does not want. If the motion should involve something which the litigant against whom it is made deems beneficial to him, or should such litigant ask affirmative relief in the same motion, it is possible a different rule might apply.

It seems to the court that the only right that the litigant has to object to the withdrawal of a motion is one of costs, and in the case under consideration costs were tendered. The case of Hoover v. Rochester Printing Co., 2 App. Div. 11, 37 N. Y. Supp. 419, is authority for the court's conclusion that Mr. Duncan had the legal right to withdraw the motion upon the payment or tender of costs. Having arrived at this conclusion, it necessarily follows that the court below, after having ascertained, either upon the original motion or upon the application to set aside the order denying the original motion, that the original motion had been withdrawn, should have granted the application to set aside the order.

Order reversed, with $10 costs and disbursements, and the motion to vacate the order of March 11, 1913, is granted, upon payment of $10 costs; costs of one party to be offset against those of the other. All concur.