No. 18,579.

JULIA KJELLANDER, *Appellant*, v. OSCAR KJELLANDER,
*Appellee*.

HEADNOTE BY THE REPORTER.

1. DIVORCE REFUSED—*Division of Property*. Where a divorce
   was refused the wife, the division of the property as shown
   by the record was not inequitable.

2. SAME—*Custody of Minor Child*. In an action for a divorce
   where the divorce was refused and the property divided, it
   was within the discretion of the trial court as to which party
   should be awarded the care and custody of the minor child.

3. PRACTICE—*Two Motions for Same Purpose—Second Filed
   without Leave*. If a party has filed a motion for any purpose
   and afterward he concludes his motion is insufficient in any
   respect, he should apply to the court and obtain leave to
   amend or withdraw his first motion before filing a second.

Appeal from Labette district court; ELMER C. CLARK,
judge. Opinion filed April 11, 1914. Affirmed.

*J. I. Sheppard, James G. Sheppard, Kate Sheppard*,
all of Fort Scott, and *C. E. Pile*, of Parsons, for the ap-
pellant.

*W. B. Glass, E. L. Burton*, and *W. D. Disch*, all of
Parsons, for the appellee.

*Per Curiam:* The appellant brought this action for a
divorce, for alimony, and for custody of the minor child
of the parties. The trial resulted in a refusal of a de-
cree of divorce, and a division of the property which

appellant claims was unjust and unfair; also, the custody and control of the child was awarded to the appellee.

The grounds alleged for the divorce were, in substance, extreme cruelty, gross neglect of duty, and drunkenness. On all these issues the court found in favor of the appellee, as must be inferred from its refusal of the divorce.

The appellant makes four assignments of error, the first being, that whereas it appeared that the real property, consisting of a house and lot in the city of Parsons, had cost about $5900, against which there was an unpaid mortgage of $2500, the court awarded the property to the appellee and gave judgment in favor of appellant against appellee for $1000 and a lien on the real estate to secure the payment thereof. The appellant is shown to have kept a boarding house for years, and the appellee to have been an engineer on a railroad, both being physically able to labor. The custody of the boy being awarded to the father, the appellant is relieved of expense so far, and there is nothing to show what the residence property was worth at the time of the trial except proof of the original cost. With the $2500 mortgage already thereon, and the lien of appellant for $1000, the court may have concluded that the property was not worth the difference between $3500 and the original cost of the property, $5900. We can not say that the court erred on this ground.

The second assignment is that the court erred in assigning the custody of the five-year-old son to the appellee. There is no hard-and-fast rule by which it can be determined which one of two contesting parents is entitled to the custody of the child on their separation. The appellant brought the action for divorce on the ground of extreme cruelty, gross neglect of duty, and drunkenness. The court found the issues on these allegations apparently against her and refused the divorce, and possibly awarded the custody of the son to

the appellee and awarded the appellant only a moderate allowance of the property with the idea of inducing the parties to become reconciled and to resume their relations and make a home for the child. It is a matter of discretion and for equitable consideration, and we can not say that the court erred therein.

The third assignment is that the court erred in overruling appellant's motion for new trial. What has been said in regard to the decree and judgment is applicable to the consideration of the motion for new trial.

It appears that the appellant on the same day filed two motions for new trial without leave of court sought or obtained. The court refused to consider the second motion, but decided upon the first motion. If a party has filed a motion for any purpose, and afterwards he concludes his motion is defective or insufficient in any respect, he should apply to the court and obtain leave to amend or withdraw his first motion before filing a second. In the absence of such an application the court may, under the general practice, disregard the second motion. It is unfair to the court and to the opposite party in any action to file successive pleading or motions for the same purpose and without leave of court. If one may file two motions for the same purpose, he may file three or more. It is entirely proper for the court to maintain the simplicity of the practice by refusing to recognize papers filed out of the usual order, but of course on application a liberal order should be made for the amendment or withdrawal of pleadings or of amendments to the same, to the end that the real issues may be fairly presented and tried.

There is no claim that the court erred in refusing a divorce. If the appellant had, without just cause, sought a permanent separation from her husband, this was a matter for the consideration of the court, with other matters, in determining what was a proper allowance, and to which of the two parents the custody of the boy should be awarded. There is no specific rule of

law for determining any of the questions raised here, and all the remedies rest in equitable considerations and judicial discretion. It does not appear that the court abused its discretion.

The order and judgment are affirmed.