CHESAPEAKE MICROFILM, INC. v. EASTERN MICROFILM SALES AND SERVICE, INC., AND DAVID WRIGHT

No. 8821SC227

(Filed 18 October 1988)

1. Fraud § 9— 12(b)(6) dismissal of counterclaim for fraud—no error

The trial court did not err by dismissing defendants' amended counterclaim under N.C.G.S. § 1A-1, Rule 12(b)(6) where defendants alleged fraud but did not allege misrepresentation or concealment in Count I and failed to be particular about their assertions of fraud in Count II.

**2. Unfair Competition § 1— counterclaim dismissed—no error**

   The trial court did not err by dismissing defendants' counterclaim for unfair and deceptive trade practices under N.C.G.S. § 1A-1, Rule 12(b)(6) where the thrust of defendants' claim in Count I was that plaintiff submitted low bids for contracts and then later overcharged its customers, which provides no cause of action under N.C.G.S. § 75-1.1, and defendants in Count II alleged that plaintiff had engaged in an ostensible effort to sell plaintiff corporation to defendants for the purpose of hindering and delaying defendants' opening of a business in Winston-Salem, North Carolina and preventing defendants from bidding upon a lucrative contract which ultimately went to plaintiff. Defendants are in essence asking that plaintiff be subject to the risk of treble damages for continuing to conduct business during the negotiation process for plaintiff's sale.

APPEAL by defendants from *D. Marsh McLelland, Judge.* Order entered 12 October 1987 in Superior Court, FORSYTH County. Heard in the Court of Appeals 31 August 1988.

*Moore and Brown by B. Ervin Brown, II, for plaintiff-appellee.*

*David E. Wright, pro se, for defendant-appellants.*

BECTON, Judge.

This appeal is from an order dismissing the amended counterclaim of defendants David Wright and Eastern Microfilm Sales and Service, Inc., under N.C. Gen. Stat. Sec. 1A-1, R. Civ. P. 12(b)(6) (1983) for failure to state a claim upon which relief can be granted. We affirm the trial court's dismissal of defendants' amended counterclaim.

I

Defendant Eastern Microfilm (Eastern) is a Virginia corporation with offices located in Bassett, Virginia. Defendant Wright is Eastern's principal stockholder and its president. Plaintiff, Chesapeake Microfilm, Inc. (Chesapeake), is a North Carolina corporation whose president and sole stockholder is Ronnie Cox. Both businesses perform microfilming services for customers drawn from approximately the same geographic area.

In September 1986, Chesapeake filed suit against Wright and Eastern. Defendants counterclaimed, and, following an initial dismissal under Rule 12(b)(6), they filed an amended counterclaim on 31 August 1987.

Defendants alleged in count one of their amended counterclaim that Chesapeake, beginning in 1978, carried on a "fraudulent scheme" by submitting low bids for microfilming contracts, winning those contracts, and then overcharging the customers when it performed its services. These "fraudulent and deceptive practices," defendants averred, allowed Chesapeake to "[obtain] some of Eastern's customers and [to obtain] contracts which Eastern had bid upon." Defendants claimed to have lost $120,000 per year in gross revenues and alleged $15,000 to $20,000 in annual lost profits from 1978 until the commencement of the lawsuit.

Count two of the counterclaim stated that in December 1985, Cox contacted Wright "in an ostensible effort to sell [Chesapeake] to Wright." Defendants charged that Cox invited negotiations about the purchase because Cox had learned of Wright's interest "in expanding Eastern's operation in North Carolina and . . . that Wright and/or Eastern might be opening a business in Forsyth [County]." Count two averred that during the course of the negotiations, Cox concealed "the true condition of the accounts and books of Chesapeake" and the existence of "serious pending claims against Chesapeake, which . . . would have fallen upon Eastern to pay had Eastern purchased Chesapeake." In addition, defendants claimed that Cox "reneged on the key ingredient of the contract [for the purchase of Chesapeake]," an ingredient apparently involving an "indefinite purchase price formula." The gist of count two was that Cox used the negotiations as a ruse "to hinder and delay Wright and Eastern from opening a business in the Winston-Salem, North Carolina, area" and to prevent defendants from bidding upon "an extremely lucrative" microfilming contract which ultimately went to Chesapeake. Defendants cited the lawsuit as an additional device employed by Cox to impede defendants' entry into the North Carolina market.

Both counts of the amended counterclaim charged that Cox had perpetrated fraud and had engaged in unfair and deceptive trade practices in violation of N.C. Gen. Stat. ch. 75 (1985). The trial court dismissed defendants' amended counterclaim following a second 12(b)(6) motion by plaintiff. We now are asked to determine whether the trial court properly ruled that the amended counterclaim stated no claim upon which relief could have been granted.

## II

[1] An inquiry into the sufficiency of a counterclaim to withstand a motion to dismiss under Rule 12(b)(6) is identical to that regarding the sufficiency of a complaint to survive the same motion. *See Barnaby v. Boardman*, 70 N.C. App. 299, 302, 318 S.E. 2d 907, 909 (1984), *rev'd on other grounds*, 313 N.C. 565, 330 S.E. 2d 600 (1985). For purposes of a motion to dismiss, defendants' allegations in the counterclaim must be treated as true. *See, e.g., Jenkins v. Wheeler*, 69 N.C. App. 140, 142, 316 S.E. 2d 354, 356 (1984), *disc. rev. denied*, 311 N.C. 758, 321 S.E. 2d 136 (1984). Finally, the counterclaim "must state enough to satisfy the requirements of the substantive law giving rise to the claim." *Braun v. Glade Valley School, Inc.*, 77 N.C. App. 83, 86, 334 S.E. 2d 404, 406 (1985). Within this framework, we turn first to defendants' assertion on appeal that the amended counterclaim states a cause of action for fraud.

### A. Fraud: Count I

To make out their claim of actual fraud, the defendants must have alleged with particularity: 1) that plaintiff made a false representation or concealment of a material fact; 2) that the representation or concealment was reasonably calculated to deceive defendants; 3) that plaintiff intended to deceive them; 4) that defendants were deceived; and 5) that defendants suffered damage resulting from plaintiff's misrepresentation or concealment. *See, e.g., Terry v. Terry*, 302 N.C. 77, 83, 273 S.E. 2d 674, 677 (1981). Count one alleges neither misrepresentation nor concealment on the part of plaintiff. Defendants failed, in other words, to offer the first ingredient necessary to a fraud charge, and thus we conclude, without further discussion, that count one states no cause of action for fraud.

### B.  Fraud: Count II

Allegations of fraud are subject to more exacting pleading requirements than are generally demanded by "our liberal rules of notice pleading." *Stanford v. Owens*, 76 N.C. App. 284, 289, 332 S.E. 2d 730, 733, *disc. rev. denied*, 314 N.C. 670, 336 S.E. 2d 402 (1985) (citations omitted). Rule 9(b) of the North Carolina Rules of Civil Procedure provides in relevant part that:

> (b) . . . In all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

N.C. Gen. Stat. Sec. 1A-1, R. Civ. P. 9(b) (1983). In *Terry*, our Supreme Court instructed that "in pleading actual fraud the particularity requirement is met by alleging time, place, and content of the fraudulent representation, identity of the person making the representation and what was obtained as a result of the fraudulent act or representation." 302 N.C. at 85, 273 S.E. 2d at 678. *Terry's* formula ensures that the requisite elements of fraud will be pleaded with the specificity required by Rule 9(b).

In our view, count two of the amended counterclaim fails to make out a claim for fraud under the *Terry* test. The allegations of count two are notably anemic concerning the content of the fraudulent statements attributed to plaintiff. For example, defendants' assertion that Cox concealed facts about Chesapeake's financial condition is framed thus:

> 17. During the course of the aforesaid negotiations, Cox, acting for himself and on behalf of Chesapeake, made false and material misrepresentations to Eastern and to Wright, which said misrepresentations included false statements of material facts and intentional omissions of material facts, which said false statements and omissions had as their purpose concealing the true condition of the accounts and books of Chesapeake.

Defendants alleged the elements of false representation and concealment of material fact in general terms; they pleaded no facts which, if true, would have constituted fraudulent concealment by Cox of the financial condition of Chesapeake. *See Eastern Steel Products Corp. v. Chestnutt*, 252 N.C. 269, 276, 113 S.E. 2d 587, 593 (1960). Consequently, defendants' allegation about the books and records does not satisfy the particularity requirement of Rule 9(b).

Defendants failed also, in count two, to be particular about their other assertions of fraud. They did not identify the "serious pending claims" against Chesapeake that Cox allegedly concealed from Wright. They charged that Cox "reneged on the key ingre-

dient on the contract" without explaining how Cox reneged, and without explaining how—or whether—Cox's action amounted to fraud. In short, defendants "failed to allege precisely any facts to support [their] bare allegations" of fraud. *Beasley v. National Savings Life Insurance Co.*, 75 N.C. App. 104, 108, 330 S.E. 2d 207, 209 (1985), *rev. dismissed*, 316 N.C. 372, 341 S.E. 2d 338 (1986). Instead, defendants offered only generalities and conclusory allegations, and count two, therefore, lacked the necessary particularity to allow defendants to proceed under a fraud theory. *See Moore v. Wachovia Bank and Trust Co.*, 30 N.C. App. 390, 391, 226 S.E. 2d 833, 834-35 (1976).

### III

[2] We now turn to defendants' contention that the amended counterclaim stated a claim for relief under N.C. Gen. Stat. ch. 75 (1985). Section 75-1.1 of that chapter provides in part that:

> (a) Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful.

> (b) For purposes of this section, "commerce" includes all business activities, however denominated, but does not include professional services rendered by a member of a learned profession.

N.C. Gen. Stat. Sec. 75-1.1 (1985). As we did with their allegations of fraud, we will examine each count of defendants' counterclaim and determine whether either one states a claim for unfair or deceptive trade practices.

A.   Chapter 75: Count I

This Court has recognized that the provisions of Section 75-1.1 apply to disputes between business competitors. *Harrington Manufacturing Company v. Powell Manufacturing Company*, 38 N.C. App. 393, 396, 248 S.E. 2d 739, 741-42 (1978), *disc. rev. denied and cert. denied*, 296 N.C. 411, 251 S.E. 2d 469 (1979). However, we have never viewed the statute as being so broad as to cover every form of business activity. *See Olivetti Corp. v. Ames Business Systems, Inc.*, 81 N.C. App. 1, 22, 344 S.E. 2d 82, 94 (1986), *aff'd in part, rev'd in part on other grounds*, 319 N.C. 534, 356 S.E. 2d 578 (1987). The thrust of defendants' claim in

count one is that Chesapeake submitted low bids for contracts and then later overcharged its customers. Defendants alleged injury because Chesapeake secured contracts that defendants also made bids on and because plaintiff lured away some of defendants' customers with its seemingly-lower fees.

The activity complained of provides no cause of action to defendants under Section 75-1.1. In our view, the statute is not so inclusive as to permit one competitor to claim unfair or deceptive trade practices on the ground that another competitor successfully bid for a contract. Assuming defendants' allegations to be true, the *customers* of Chesapeake, if anyone, would appear to have a claim under Section 75-1.1. Such speculation is, however, irrelevant to our inquiry. Of relevance is the fact that the averments of count one do not state, for these defendants, any claim for unfair or deceptive trade practices.

B.   Chapter 75: Count II

Likewise, we do not find a cause of action under Section 75-1.1 in count two of the amended counterclaim. Our Supreme Court discussed unfair and deceptive conduct in *Marshall v. Miller*, 302 N.C. 539, 276 S.E. 2d 397 (1981):

> Whether a trade practice is unfair or deceptive usually depends upon the facts of each case and the impact the practice has in the marketplace . . . . A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers . . . . A practice is deceptive if it has the tendency or capacity to deceive . . . .

*Id.* at 548, 276 S.E. 2d at 403 (citations omitted). In *Olivetti*, this Court, in an inquiry into the range of business activity encompassed by Section 75-1.1, cited the legislative intent expressed in the original enactment of subsection (b):

> The purpose of this section is to declare, and to provide civil legal means to maintain, ethical standards of dealings between persons engaged in business, and between persons engaged in business and the consuming public within this State, to the end that good faith and fair dealings between buyers and sellers at all levels of commerce be had in this State.

81 N.C. App. at 22, 344 S.E. 2d at 94 (emphasis omitted) (quoting N.C. Gen. Stat. Sec. 75-1.1 (1975)).

Although we recognize that the statutory proscription against unfair or deceptive trade practices applies to competitors, neither the language of *Miller* nor the legislative intent quoted by *Olivetti* suggest that Section 75-1.1 reaches the claims made by defendants. Defendants, in essence, are asking that plaintiff be subject to the risk of treble damages for continuing to conduct business during the negotiation process for Chesapeake's sale. *See* N.C. Gen. Stat. Sec. 75-16 (1985). Were we to apply the statute to the activity articulated in count two, we would be extending Section 75-1.1 into virtually all aspects of business conduct. We hold, therefore, that the activity complained of in count two of defendants' counterclaim does not state a cause of action for unfair or deceptive trade practice.

IV

The order of the trial court dismissing defendants' amended counterclaim for failure to state a claim for which relief can be granted is

Affirmed.

Judges WELLS and PHILLIPS concur.