DECISION
This matter is before the Court on plaintiffs' motion to strike the (7) seven affirmative defenses raised by the defendants in their answer to plaintiffs' amended complaint. Jurisdiction is pursuant to R.C.P. 12(f).
On March 10, 1994, the first complaint in this case was filed. On August 1, 1994, plaintiffs filed their amended complaint against defendants. The amended complaint simply changed Mr. Driscoll's status from Beneficiary to Administrator. Mr. Driscoll had been appointed Administrator by the South Kingstown Probate Court after the original complaint was filed.
Defendants filed an answer to plaintiffs' amended complaint pleading the following affirmative defenses:
 1. Plaintiffs' complaint fails to state a claim or cause of action upon which relief can be granted;
 2. Plaintiffs' complaint fails to state a claim or cause of action upon which relief can be granted against these defendants;
 3. Plaintiffs' complaint fails as plaintiff has failed to satisfy and pursue all administrative remedies which are a prerequisite to filing an action against these defendants;
 4. Plaintiffs' complaint fails by the application of the doctrine of waiver;
 5. Plaintiffs' complaint fails by the application of the doctrine of laches;
 6. Plaintiffs' complaint fails by the application of the doctrine of estoppel;
 7. Plaintiffs' action is barred by the applicable statute of limitations.
On or about August 31, 1994, plaintiffs filed a Motion to Strike the aforementioned defenses pursuant to R.C.P. 12(f). On or about September 6, 1994, defendants failed an objection to plaintiffs' motion to strike.
Courts generally look with disfavor upon motions to strike affirmative defenses. Fed. Deposit Ins. Corp. v. Butcher, 660 F. Supp. 1274, 1277 (E.D. Tenn. 1987). Although the granting of a motion to strike is within the discretion of the court, the court should grant the motion only where the defenses are insufficient as a matter of law, immaterial because they bear no essential relationship to the claims asserted, or are impertinent in that they do not pertain to the issues in question. Id.
The traditional disfavor of a motion to strike, however, must be balanced against the motion's intended use as "the primary procedure for objecting to an insufficient defense."Narragansett Tribe of Indians v. Southern Rhode Island LandDevelopment Corp., 418 F. Supp. 798, 801 (D.C.R.I. 1976) (quoting 5 Wright Miller, Federal Practice and Procedure;
Civil § 1380 at 782). "In order to avoid the needless expenditure of time and money" in litigation, weeding out legally insufficient defenses may be extremely valuable to both parties.Narragansett Tribe, 418 F. Supp. at 801. (quoting Purex Corp.,Ltd. v. General Foods Corp., 318 F. Supp. 322, 328 (C.D. Cal 1970)). Although the standard for determining the legal sufficiency of a defense is narrow, the court should grant the motion to strike where the insufficiency is "clearly apparent."Middletown Plaza Assoc. v. Dora Dale of Middletown,621 F. Supp. 1163, 1164 (D.C. Conn. 1985) (quoting Wright and Miller,Supra, § 1381 at 802).
First and Second Affirmative Defenses
Defendants' first affirmative defense alleges that plaintiffs' complaint fails to state a claim upon which relief can be granted. Since the issue has already been heard and decided by the Superior Court, this defense is clearly insufficient and must be stricken. On August 19, 1994, the Superior Court denied with prejudice defendants' Motion to Dismiss plaintiffs' complaint pursuant to 12(b) (6) — failure to state a claim upon which relief can be granted. (emphasis added). The denial of a 12(b) (6) motion with prejudice, "constitute[d] a full adjudication of the merits as if the order had been entered subsequent to trial." School Committee of the Town of NorthProvidence v. North Providence Fed. of Teachers, 404 A.2d 493, 495 (R.I. 1979). This issue having been decided, the first affirmative defense is insufficient as a matter of law, and therefore the plaintiffs' request that it be stricken is granted.
Defendants' second affirmative defense, alleging plaintiffs' complaint fails to state a claim or cause of action upon which relief can be granted against these defendants, must also be stricken. Since this defense is merely a restatement of the first affirmative defense, it must be stricken for the reasons discussed above. Simply including the words "against these defendants" to the end of the first affirmative defense neither constitutes a separate, independent defense nor creates a new legally sufficient defense. Accordingly, this Court grants plaintiffs' motion to strike defendants' first and second affirmative defenses.
Third Affirmative Defense
Defendants' third affirmative defense alleges that plaintiffs' complaint fails as plaintiffs have failed to satisfy and pursue all administrative remedies which are a prerequisite to filing this action. Plaintiffs object to this allegation by offering to provide the defendants an affidavit describing the steps taken by the decedent and plaintiffs to satisfy the administrative remedies procedure.
When a court considers a motion to strike, matters outside the pleadings are not to be considered, and well pleaded facts are accepted as true. First Financial Sav. Bank v. AmericanBankers Ins., 783 F. Supp. 963, 966 (E.D.N.C. 1991). If any substantial questions exist, the motion cannot be granted.United States v. 187.40 acres of Land, Huntington County, 381 F. Supp. 54, 56 (M.D. Pa. 1974). After a careful reading of the pleadings in this case, the issue of whether the plaintiffs exhausted all administrative remedies remains an unsettled question of fact. Accordingly, this Court must and does deny plaintiffs' motion to strike the defendants' third affirmative defense.
Fourth, Fifth and Sixth Affirmative Defenses
Defendants' fourth, fifth and sixth affirmative defenses allege that plaintiffs' complaint failed by application of the doctrines of waiver, laches, and estoppel, respectively. Subsequently, plaintiffs have offered to have their motion to strike pass with respect to these defenses. A review of the Rules of Civil Procedure reveals that those rules do not address a party's ability to withdraw a motion once it is filed with the court. Many states, however, allow the moving party the absolute right prior to final submission to withdraw a motion. Robinsonv. Worthington, 544 F. Supp. 956, 963 (D.C. Al. 1982); Leader v.Leader, 166 N.Y.S.2d. 784 (1952). Other courts indicate that it may be necessary for a party to obtain "leave of court" before withdrawing a motion. Kjellander v. Kjellander, 139 P. 1013,92 Kan. 42 (1914). Since withdrawal of the motion will not prejudice the defendants, this Court accepts plaintiffs' withdrawal of their motion to strike as it pertains to defendants' laches, waiver, and estoppel defenses.
Seventh Affirmative Defense
Defendants allege that plaintiffs' action is barred by the applicable statute of limitations. Decedent Jeanne Driscoll received notification of denial of her claim on or about March, 1992. The original complaint was filed on March 10, 1994. Thus, it is apparent that the action was filed within the statute of limitations. Accordingly, plaintiffs' motion to strike defendants' seventh affirmative defense is granted.
For the foregoing reasons, this Court hereby grants plaintiffs' motion to strike defendants' first, second and seventh affirmative defenses, denies the motion to strike defendants' third affirmative defense, and grants plaintiffs' motion to pass with respect to defendants' fourth, fifth and sixth affirmative defenses, thereby striking same.